IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TIMMY EARL ADAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:21-CV-416-ECM-KFP |
| | ) | |
| ALABAMA BOARD OF PARDONS | ) | |
| AND PAROLE, et al., | ) | |
| | ) | |
| Defendant. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Upon consideration of Defendants' Motion to Dismiss (Doc. 26), the undersigned Magistrate Judge RECOMMENDS that the motion be GRANTED to the extent set forth below.

On June 24, 2022, the Court entered an Order requiring Plaintiff to file an amended complaint by July 8. Doc. 21. The Court's Order warned Plaintiff that a failure to file an amended complaint that complied with the Federal Rules of Civil Procedure and the Court's Order could result in dismissal. Doc. 21 at 6–7. Plaintiff filed a motion requesting a 30-day extension of his deadline, which the Court granted, extending the deadline to August 8 but warning that no further extensions would be granted absent extraordinary circumstances. Doc. 23 at 1. Plaintiff then filed motion seeking another 30-day extension because he had testified positive for COVID-19. Doc. 24. The Court denied Plaintiff's request for a 30-day extension but, due to his illness, granted Plaintiff a 14-day extension to August 22 to file his amended complaint. Doc. 25. The Court's Order warned Plaintiff

that it would recommend dismissal if he failed to file an amended complaint by the August 22 deadline. Doc. 25. To date, Plaintiff has failed to file an amended complaint.

Because of Plaintiff's failure to prosecute this case and comply with court orders, the undersigned concludes that this case should be dismissed. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (stating dismissal for failure to obey a court order is generally not an abuse of discretion where litigant has been forewarned). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Mingo*, 864 F.2d at 102.

Here, Plaintiff failed to file an amended complaint despite multiple court orders requiring him to do so and despite multiple warnings that this case would be dismissed if he failed to comply. Accordingly, dismissal with prejudice is appropriate.[1]

---

[1] In the final sentence of their motion, Defendants ask for a dismissal with prejudice "with costs taxed to the Plaintiff for his failure to prosecute the matter and/or obey the Orders of the Court." Doc. 26. Defendants provided no argument or legal authority on the issue of taxing costs; therefore, the request does not warrant consideration. *Beam v. McNeilus Trauck & Mfg., Inc.*, 697 F. Supp. 2d 1267, 1279 (N.D. Ala. 2010) (stating court would not consider arguments not fully developed or bolstered with legal authority) (citing *Resolution Trust Corp. v. Dunmar Corp.,* 43 F.3d 587, 599 (11th Cir. 1995) and *United States Steel Corp. v. Astrue,* 495 F.3d 1272, 1287 n. 13 (11th Cir. 2007) (refusing to address a party's "perfunctory and underdeveloped argument").

Accordingly, the Magistrate Judge RECOMMENDS that Defendants' Motion to Dismiss (Doc. 26) be GRANTED to the extent it seeks a dismissal with prejudice but DENIED to the extent it requests costs to be taxed against Plaintiff.

Further, it is ORDERED that by **October 18, 2022**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 4th day of October, 2022.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE